O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
## CIVIL MINUTES - GENERAL

| Case No. | CV 11-01358 ODW (JEMx) | Date | April 20, 2011 |
|---|---|---|---|
| Title | *Prem v. Access Svcs., Inc.* | | |

| Present: The Honorable | Otis D. Wright II, United States District Judge | |
|---|---|---|
| Raymond Neal | Not reported | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| Not present | Not present | |

**Proceedings (In Chambers):** **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [4]**

Currently before the Court is Defendant, Access Services, Inc.'s ("Defendant"), Motion to Dismiss the Complaint Pursuant to Rule 12 of the Federal Rules of Civil Procedure ("Rule __"). (Dkt. No. 4.) After careful consideration of the briefing and evidence submitted by the parties in support of and in opposition to the instant Motion, the Court deems the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. For the following reasons, the Court **GRANTS** Defendant's Motion.

## I. BACKGROUND

Defendant[1] employed Plaintiff, Arun Prem ("Plaintiff"), an Asian American male of Indian decent, from November 1997 to March 3, 2010. (Compl. ¶ 6.) The Complaint alleges that Plaintiff performed all required duties as Director of Strategic Planning until he was terminated because of: (1) race and national origin; (2) Plaintiff's discrimination complaints; (3) Plaintiff's reports of Defendant's violations of law; and (4) Plaintiff's exercise of free speech. (Compl. ¶ 7.) Specifically, the Complaint alleges that from 2008 to the end of Plaintiff's employment, Defendant through its officers, managers, and supervisors harassed Plaintiff by making racially based slurs and derogatory remarks about and toward Plaintiff and other non-Caucasian employees. (Compl. ¶ 16.) By failing to take reasonable steps to prevent such instances of harassment, Plaintiff alleges that Defendant created a hostile work environment. (Compl. ¶¶ 16-17.)

---

[1] The Los Angeles County Metropolitan Transportation formed Defendant, Access Services, Inc., to be the consolidated transportation services agency for Los Angeles County. (Mot. at 7.) As such, the parties do not dispute that Defendant is a public entity.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-01358 ODW (JEMx) | Date | April 20, 2011 |
|---|---|---|---|
| Title | *Prem v. Access Svcs., Inc.* | | |

In addition, Plaintiff alleges Defendant deprived Plaintiff of the benefits of his employment contract with the intent of forcing the termination of Plaintiff's employment. (Compl. ¶ 19.) Particularly, Plaintiff admits to having complained of ongoing unlawful discrimination and harassment to Defendant's management and governmental agencies. (Compl. ¶¶ 27, 40, 60.) In retaliation, Defendant allegedly ordered Plaintiff not to speak to persons outside of Defendant's employ. (Compl. ¶ 35.) Plaintiff alleges Defendant ultimately terminated his employment because of his exercise of his rights to free speech. (*Id.*)

Based on the foregoing, Plaintiff filed a complaint with the California Department of Fair Employment and Housing. On July 30, 2010, Plaintiff exhausted his administrative remedies and received his Right to Sue Notice. (Compl. ¶ 10.) On January 4, 2011, Plaintiff instituted this action in Los Angeles County Superior Court alleging: violations of the California Fair Employment and Housing Act ("FEHA"); wrongful termination for exercise of First Amendment Rights; and violations of California's Labor Codes.[2] On February, 14, 2011, Defendant removed the case to this Court.

## II.  LEGAL STANDARD

"To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), a complaint generally must satisfy only the minimal notice pleading requirements of Rule 8(a)(2)." *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003). Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). For a complaint to sufficiently state a claim, its "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Id.* Rather, to overcome a 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to
state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (internal quotation and citation omitted). "The plausibility standard is not akin to

---

[2] Plaintiff alleges specifically: violation of FEHA for Discrimination, Harassment, and Retaliation; wrongful termination for exercising First Amendment Rights; and violations of Cal. Labor Code §§ 232, 232.5, 1101, 1102, and 1102.5.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-01358 ODW (JEMx) | Date | April 20, 2011 |
|---|---|---|---|
| Title | *Prem v. Access Svcs., Inc.* | | |

a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement of relief." *Id*. (internal quotation and citation omitted).

When considering a 12(b)(6) motion, a court is generally limited to considering materials within the pleadings and must construe "[a]ll factual allegations set forth in the complaint . . . as true and . . . in the light most favorable to [the plaintiff]." *See Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (citing *Epstein v. Washington Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996)). A court is not, however, "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). Thus, the Ninth Circuit has summarized the governing standard, in light of *Twombly* and *Iqbal*, as follows: "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (internal quotation marks omitted).

### III. DISCUSSION

Defendant moves to dismiss five causes of action for failure to state facts sufficient to constitute a claim; specifically: (1) Plaintiff's second claim for harassment in violation of FEHA; (2) Plaintiff's fifth claim for restricting employees from disclosing certain violations of law in violation of Cal. Labor Code § 1102.5; (3) Plaintiff's sixth claim for restricting certain political activities in violation of Cal. Labor Code § 1101; (4) Plaintiff's seventh claim for restricting certain political activities in violation of Cal. Labor Code § 1102; and (5) Plaintiff's eighth claim for restricting employees from disclosing working condition and wages in violation of Cal. Labor Code §§ 232 and 232.5. The Court addresses each in turn.

#### A. PLAINTIFF'S SECOND CLAIM - RACIAL HARASSMENT IN VIOLATION OF FEHA

Defendant avers that the Complaint is devoid of facts that would support a claim of racial harassment. (Mot. at 12.) Specifically, Defendant argues that Plaintiff does not allege any examples of behavior that were severe or pervasive. (Mot. at 12.) Moreover, Defendant

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-01358 ODW (JEMx) | Date | April 20, 2011 |
|---|---|---|---|
| Title | *Prem v. Access Svcs., Inc.* | | |

contends that Plaintiff has not provided facts regarding the nature and length of time of the alleged conduct, the circumstances under which the alleged conduct occurred, and whether the alleged conduct interfered with Plaintiff's work performance. (Mot. at 12.) In opposition, Plaintiff avers his second claim for racial harassment is sufficiently pled.

California's FEHA "explicitly prohibits an employer from harassing an employee on the basis of race . . . or ethnicity." *Dee v. Vintage Petroleum, Inc*., 106 Cal. App. 4th 30, 35 (Ct. App. 2003) (internal citations omitted). Harassment includes "epithets, derogatory comments or slurs." *Id*. In order to establish a harassment claim pursuant to FEHA, "the harassment complained of must be sufficiently pervasive so as to alter the conditions of employment and create an abusive working environment." *Aguilar v. Avis Rent a Car Sys., Inc*., 21 Cal. 4th 121, 130-31 (1999). Plaintiffs "must prove that the defendant's conduct would have interfered with a reasonable employee's work performance and would have seriously affected the psychological well-being of a reasonable employee and that [they were] actually offended." *Id*. Furthermore, "harassment cannot be occasional, isolated, sporadic, or trivial[;] rather the plaintiff must show a concerted pattern of harassment of a repeated, routine or a generalized nature." *Id*.; *see also Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998) ("[S]imple teasing . . . , offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the 'terms and conditions of employment.' "). Thus, "harassment focuses on situations in which the social environment of the workplace becomes intolerable because the harassment (whether verbal, physical, or visual) communicates an offensive message to the harassed employee." *Roby v. McKesson Corp*., 47 Cal. 4th 686, 707 (2009) (emphasis in original).

In this case, Plaintiff does not sufficiently plead a harassment claim pursuant to FEHA. Plaintiff alleges that "Defendant[ ] harassed Plaintiff and discriminated against him by reason of his race and national origin by making racially based slurs and derogatory remarks about and toward Plaintiff and other non-Caucasian employees." (Compl. ¶ 16.) The Complaint further alleges that as a result of such acts "Defendant[ ] created a racially hostile work environment for Plaintiff and Defendant['s] other non-Caucasian employees and were considered offensive by Plaintiff." (Compl. ¶ 17.) These allegations are nothing more than mere "labels and conclusions" and an unsuccessful attempt to merely recite the elements of a claim. *Iqbal*, 129 S.Ct. at 1949. Particularly, the Complaint fails to provide facts, for example, that show the harassment was pervasive, that Defendant's conduct interfered with a reasonable employee's work performance, that Defendant's conduct seriously affected the psychological well-being of a reasonable employee, and that Plaintiff was actually offended.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-01358 ODW (JEMx) | Date | April 20, 2011 |
|---|---|---|---|
| Title | *Prem v. Access Svcs., Inc.* | | |

While it is not necessary to allege facts to the very last detail of what actually occurred, some facts to give fair notice of the wrongs Defendant has allegedly committed are necessary. The allegations, here, contain naked assertions devoid of further factual enhancements. *See Iqbal*, 129 S.Ct. at 1949. Accordingly, the Court dismisses Plaintiff's harassment claim with leave to amend.

### B. PLAINTIFF'S FIFTH CLAIM - VIOLATION OF CALIFORNIA LABOR CODE § 1102.5

Defendant moves to dismiss Plaintiff's fifth claim, which alleges that Defendants retaliated against him for whistleblowing and refusing to comply with unlawful directives in violation of Cal. Labor Code § 1102.5 ("§ 1102.5 "). Specifically, Defendant avers that Plaintiff has not alleged facts that would establish violations of § 1102.5. (Mot. at 13.) Defendant urges that no facts are alleged to provide any description of the alleged whistleblower information. (Mot. at 14.) Rather, Defendant argues that the facts alleged merely show a complaint of a disgruntled employee as opposed to a disclosure of a legal violation. (Mot. at 14.)

To establish a prima facie case of retaliation under § 1102.5,[3] Plaintiff must show (1) that he engaged in protected activity, (2) that he was thereafter subjected to an adverse employment action by his employer, and (3) that there was a causal link between the

---

[3] Cal. Labor Code § 1102.5 protects employees who report or merely object to unlawful business practices by making it unlawful to retaliate against them. It has three parts:

(a) An employer may not make, adopt, or enforce any rule, regulation, or policy preventing an employee from disclosing information to a government or law enforcement agency, where the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation or noncompliance with a state or federal rule or regulation.

(b) An employer may not retaliate against an employee for disclosing information to a government or law enforcement agency, where the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation or noncompliance with a state or federal rule or regulation.

(c) An employer may not retaliate against an employee for refusing to participate in an activity that would result in a violation of state or federal statute, or a violation or noncompliance with a state or federal rule or regulation.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-01358 ODW (JEMx) | Date | April 20, 2011 |
|---|---|---|---|
| Title | *Prem v. Access Svcs., Inc.* | | |

protected activity and the adverse employment action." *Love v. Motion Indus., Inc.*, 309 F. Supp. 2d 1128, 1134 (N.D. Cal. 2004) (citing *Morgan v. Regents of Univ. of Cal.*, 88 Cal. App. 4th 52, 69 (Ct. App. 2000)). Protected activity is disclosure of or opposition to "a violation of state or federal statute, or a violation or noncompliance with a state or federal rule or regulation." Cal. Labor Code § 1102.5(b). As such, to state a claim, Plaintiff must be able to identify a specific state or federal statute, rule, or regulation which he believed Defendants were violating. *Carter v. Escondido Union High Sch. Dist.*, 148 Cal. App. 4th 922, 933 (Ct. App. 2007).

Here, Plaintiff fails to state a cognizable claim pursuant to § 1102.5. Plaintiff merely provides conclusory allegations that Defendant retaliated against him for disclosing information to governmental or law enforcement agencies. In addition, Plaintiff fails to identify specific state or federal statutes, rules, or regulations which Plaintiff believed Defendants were violating. Specifically, Plaintiff alleges that he provided information and had conversations with those outside the employ of Defendant, where the information related to what Plaintiff reasonably believed 0ere violations of state or federal law. (Compl. ¶ 39.) Without more, however, the Court cannot ascertain the protected activity Plaintiff attempts to allege. Accordingly, the Court dismisses Plaintiff's fifth claim alleging violations of § 1102.5 with leave to amend.

### C.  PLAINTIFF'S SIXTH AND SEVENTH CLAIMS - VIOLATIONS OF CALIFORNIA LABOR CODE §§ 1101, 1102

As an initial matter, Defendant contends *Cal. Labor Code* §§ 1101 and 1102 (respectively, "§ 1101" and "§ 1102") do not apply to public entities. (Mot at. 17.) The Court, however, finds that §§ 1101 and 1102 are applicable to public employees. Specifically, *Cal. Labor Code* § 1106[4] extends the rights under this chapter that were

---

[4]

Cal. Labor Code § 1106 provides: For purposes of §§ 1102.5, 1102.6, 1102.7, 1102.8, 1104, and 1105, "employee" includes, but is not limited to, any individual employed by the state or any subdivision thereof, any county, city, city and county, including any charter city or county, and any school district, community college district, municipal or public corporation, political subdivision, or the University of California. § 1105 provides a private right of action for violations of the sections of its chapter, including §§ 1101, 1102, and 1102.5. Cal. Labor Code § 1105.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-01358 ODW (JEMx) | Date | April 20, 2011 |
|---|---|---|---|
| Title | *Prem v. Access Svcs., Inc.* | | |

available to private employees to include public employees. *See Campbell v. Regents of Univ. of Cal.*, 35 Cal. 4th 311, 330 (2005). As such, Defendants' arguments are unavailing as to this issue.

Next, Defendant moves to dismiss this claim arguing that a mere disclosure of information to governmental or law enforcement agencies is not sufficient to trigger a violation of § 1101. (Mot. at 16.) Specifically, Defendant argues that Plaintiff fails to allege any activity that is political in nature as the statute requires. (Mot. at 16.) Plaintiff contends that the right to petition a government for redress of grievances is the essence of political activities as he alleges in the Complaint. (Opp'n at 8.)

Section 1101 provides that no employer shall make, adopt, or enforce any rule, regulation, or policy: (a) Forbidding or preventing employees from engaging or participating in politics or from becoming candidates for public office; (b) Controlling or directing, or tending to control or direct the political activities or affiliations of employees. As used in § 1101, "[t]he term 'political activity' connotes that espousal of a candidate or a cause, and some degree of action to promote the acceptance thereof by other persons." *Mallard v. Boring*, 182 Cal. App. 2d 390, 394 (Ct. App.1960).

In this case, the Court finds that Plaintiff has failed to allege his involvement in protected political conduct, or that Defendant engaged in any conduct s preventing Plaintiff from, or interfering with Plaintiff's right to, participate in politics. Plaintiff alleges that he provided information showing violations of law to one or more governmental agencies. (Compl. ¶ 46.) Defendant, however, argues and the Court agrees that such activities do not constitute "political activity" as contemplated by § 1101, because it does not advocate a particular view or encourage support for a particular candidate. *See Lockheed Aircraft Corp. v. Superior Court*, 28 Cal. 2d 481, 486 (1946) (holding that § 1101 concerned activities related to or connected with the orderly conduct of government and the peaceful organization, regulation, and administration of the government); *Smedley v. Capps, Staples, Ward Hastings & Dodson*, 820 F. Supp. 1227, 1230 n. 3 (N.D. Cal. 1993) (noting that "the courts have traditionally interpreted [§ 1101] as being intended to defend employees engaged in traditional political activity from reprisal by their employer"). As a result, Plaintiff fails to state a claim pursuant to violations of Cal. Labor Code § 1101.

Lastly, Defendant moves to dismiss Plaintiff's seventh claim alleging violations of §

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-01358 ODW (JEMx) | Date | April 20, 2011 |
|---|---|---|---|
| Title | *Prem v. Access Svcs., Inc.* | | |

1102 for the same lack of facts directed to a "political activity" as stated above.[5] The Court agrees and finds that Plaintiff fails to sufficiently state a claim for relief pursuant to § 1102. Accordingly, the Court dismisses Plaintiff's sixth and seventh claims alleging violations of Labor Code §§ 1101 and 1102 with leave to amend.

### D. PLAINTIFF'S EIGHTH CLAIM - VIOLATIONS OF CALIFORNIA LABOR CODE §§ 232, 232.5

Defendant contends that Plaintiff failed to exhaust administrative remedies by raising these alleged violations in his Complaint with the Department of Fair Employment and Housing. (Mot. at 19.) Specifically, Defendants notes that Plaintiff did not allege violations of *Cal. Labor Code* §§ 232 and 232.5 (respectively, "232" and "232.5") that prohibit employers from requiring that their employees refrain from disclosing their wages and working conditions. Plaintiff does not provide a meaningful opposition to this issue. (*See* Opp'n at 10.)

Generally, exhaustion of administrative remedies is required before filing suit for statutory violations of the *California Labor Code*. *See Campbell*, 35 Cal. 4th at 321 ("'In brief, the rule is that where an administrative remedy is provided by statute, relief must be sought from the administrative body and this remedy exhausted before the courts will act.' The rule 'is not a matter of judicial discretion, but is a fundamental rule of procedure . . . binding upon all courts.' We have emphasized that '[e]xhaustion of administrative remedies is "a jurisdictional prerequisite to resort to the courts."'") (citations omitted); *see also Fenters v. Yosemite Chevron*, No. CV-F-05-1630 OWW/DLB, 2006 WL 2016536, at *22 (E.D. Cal. July 17, 2006) (requiring exhaustion of administrative remedies in reference to a claim alleging violations of § 232.5).

---

[5] Cal. Labor Code § 1102 states: "No employer shall coerce or influence or attempt to coerce or influence his employees through or by means of threat of discharge or loss of employment to adopt or follow or refrain from adopting or following any particular course or line of political action or political activity."

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-01358 ODW (JEMx) | Date | April 20, 2011 |
|---|---|---|---|
| Title | *Prem v. Access Svcs., Inc.* | | |

Here, Plaintiff's allegations in the complaint with the Department of Fair Employment and Housing were directed to claims sounding in discrimination and retaliation. (*See* Pl.'s Cal. Dep't. of Fair Employment and Housing Compl., Exh. H, Dkt. No. 5.) There are no allegations, as Defendant argues, that Plaintiff was discharged for, formally disciplined as a result of, or discriminated against for disclosing information as to his working conditions or wages. As such, the Court finds that Plaintiff's eighth claim cannot be maintained as Plaintiff failed to exhaust his administrative remedies as to this claim. Accordingly, Plaintiff's eighth claim is dismissed without leave to amend as the Court lacks jurisdiction to hear this claim.

## IV. CONCLUSION

Based on the foregoing, the Court GRANTS Defendant's Motion to Dismiss. As such, the Court DISMISSES Plaintiff's second, fifth, sixth, and seventh claims with leave to amend. In addition, the Court DISMISSES Plaintiff's eighth claim without leave to amend as the Court lacks jurisdiction to hear Plaintiff's claim alleging violations of *Cal. Labor Code* §§ 232 and 232.5 at this time. Plaintiff may file an amended Complaint within twenty (20) days from the date of this Order.

IT IS SO ORDERED.

|  | : | 00 |
|---|---|---|
| Initials of Preparer | RGN | |