**O**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ARUN PREM, an individual, | CASE NO. CV 11-1358 ODW (JEMx) |
| Plaintiff, | ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [26] |
| v. | |
| ACCESS SERVICES, INC., a California Corporation; and DOES 1 through 20 inclusive | |
| Defendant. | |

## I. INTRODUCTION

Currently before the Court is Defendant, Access Services, Inc.'s ("Defendant"), Motion to Dismiss the First Amended Complaint ("FAC"). (Dkt. No. 26.) Having considered the papers filed in support of and in opposition to the instant Motion, the Court deems the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. For the following reasons, the Court **GRANTS** Defendant's Motion.

## II. BACKGROUND

Defendant[1] employed Plaintiff, Arun Prem ("Plaintiff"), an Asian American male of Indian decent, from November 1997 to March 3, 2010. (FAC ¶ 6.) The FAC alleges that Plaintiff was employed as Director of Strategic Planning until he was terminated on account of his: (1) race and national origin; (2) discrimination complaints; (3) reports of Defendant's violations of law; and (4) exercise of free speech. (FAC ¶ 8.) Specifically, the FAC alleges that from 2008 to the end of Plaintiff's employment, Defendant through its officers, managers, and supervisors harassed Plaintiff by making racially based slurs and derogatory remarks about and toward Plaintiff and other non-Caucasian employees. (FAC ¶ 16.) By failing to take reasonable steps to prevent such instances of harassment, Plaintiff alleges that Defendant created a hostile work environment. (FAC ¶¶ 16-17.)

In addition, Plaintiff alleges Defendant deprived Plaintiff of the benefits of his employment contract with the intent of forcing his termination. (FAC ¶ 21.) Particularly, Plaintiff admits to having complained of ongoing discrimination and harassment to Defendant's management and governmental agencies. (FAC ¶¶ 19, 42, 60.) In retaliation, Defendant allegedly ordered Plaintiff not to speak to persons outside of Defendant's employ, and ultimately terminated him. (FAC ¶ 37.)

Based on the foregoing, Plaintiff filed a complaint with the California Department of Fair Employment and Housing. On July 30, 2010, Plaintiff exhausted his administrative remedies and received his Right to Sue Notice. (FAC ¶ 10.) On January 4, 2011, Plaintiff instituted this action in Los Angeles County Superior Court alleging: violations of the California Fair Employment and Housing Act ("FEHA"); wrongful termination for exercise of First Amendment Rights; and violations of the California Labor Code.[2] Shortly thereafter, Defendant removed the case to this Court. (Dkt. No. 1.)

---

[1] The Los Angeles County Metropolitan Transportation formed Defendant, Access Services, Inc., to be the consolidated transportation services agency for Los Angeles County. (FAC ¶ 5.) As such, the parties do not dispute that Defendant is a public entity.

[2] Plaintiff alleges specifically: violation of FEHA for Discrimination, Harassment, and Retaliation; Wrongful Termination for exercising First Amendment Rights; and violations of California. Labor Code ("Labor Code") §§ 1101, 1102, and 1102.5.

On February 28, 2011, Defendant filed a Motion to Dismiss, which the Court subsequently granted on April 20, 2011. (Dkt. Nos. 4, 19.) Plaintiff filed his FAC on May 11, 2011. (Dkt. No. 25.) On May 27, 2011, Defendant filed the instant Motion to Dismiss claims five, six, and seven of Plaintiff's FAC. (Dkt. No. 26.) Plaintiff, in turn, filed an Opposition on June 6, 2011, and Defendant submitted a Reply on June 13, 2011. (Dkt. Nos. 28, 29.)

## III.  LEGAL STANDARD

"To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), a complaint generally must satisfy only the minimal notice pleading requirements of Rule 8(a)(2)." *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003). Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). For a complaint to sufficiently state a claim, its "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombley*, 550 U.S. 554, 555 (2007). Mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Id.* Rather, to overcome a 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (internal quotation and citation omitted). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement of relief." *Id.* (internal quotation and citation omitted).

When considering a 12(b)(6) motion, a court is generally limited to considering materials within the pleadings and must construe "[a]ll factual allegations set forth in the complaint . . . as true and . . . in the light most favorable to [the plaintiff]." *See Lee v. City of L.A.,* 250 F.3d 668, 688 (9th Cir. 2001) (citing *Epstein v. Washington Energy Co.*,

83 F.3d 1136, 1140 (9th Cir. 1996)). A court is not, however, "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). Thus, the Ninth Circuit has summarized the governing standard, in light of *Twombly* and *Iqbal*, as follows: "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (internal quotation marks omitted).

## IV. DISCUSSION

Defendant moves to dismiss three claims: (1) Plaintiff's fifth claim pursuant to Labor Code § 1102.5 ("§ 1102.5") for restricting employees from disclosing certain violations of law; (2) Plaintiff's sixth claim for restricting certain political activities in violation of Labor Code § 1101 ("§ 1101") ; and (3) Plaintiff's seventh claim for restricting certain political activities in violation of Labor Code § 1102 ("§ 1102"). The Court addresses each in turn.

### A.   Plaintiff's Fifth Claim - Violation of California Labor Code § 1102.5

Defendant moves to dismiss Plaintiff's fifth claim, which alleges Defendant retaliated against Plaintiff for whistleblowing and for Plaintiff's refusal to comply with Defendant's unlawful directives in violation of § 1102.5. Specifically, Defendant avers that Plaintiff has not alleged facts that would establish violations of § 1102.5 by identifying the specific statute that Defendant is alleged to have violated. (Mot. at 9.)

To establish a prima facie case of retaliation under § 1102.5,[3] Plaintiff must show:

---

[3] Labor Code § 1102.5 protects employees who report or merely object to unlawful business practices by making it unlawful to retaliate against them. It has three parts:

(a) An employer may not make, adopt, or enforce any rule, regulation, or policy preventing an employee from disclosing information to a government or law enforcement agency, where the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation or noncompliance with a state or federal rule or regulation.

(b) An employer may not retaliate against an employee for disclosing information to a government or law enforcement agency, where the employee has reasonable cause to believe that the information

4

(1) that he engaged in protected activity, (2) that he was thereafter subjected to an adverse employment action by his employer, and (3) that there was a causal link between the protected activity and the adverse employment action. *Love v. Motion Indus., Inc.*, 309 F. Supp. 2d 1128, 1134 (N.D. Cal. 2004) (citing *Morgan v. Regents of Univ. of Cal.*, 88 Cal. App. 4th 52, 69 (Ct. App. 2000)). A protected activity is disclosure of or opposition to "a violation of state or federal statute, or a violation or noncompliance with a state or federal rule or regulation." Cal. Labor Code § 1102.5(b). As such, to state a claim, Plaintiff must be able to identify a specific state or federal statute, rule, or regulation which he believed Defendant was violating. *Carter v. Escondido Union High Sch. Dist.*, 148 Cal. App. 4th 922, 933 (Ct. App. 2007).

Here, Plaintiff's § 1102.5 claim fails because Plaintiff, once again, neglects to identify a specific statute, rule, or regulation that Defendant allegedly violated. Plaintiff would like this Court to assume and read in facts that are not facially apparent in the allegations. On the contrary, the Court finds that Rule 8's "short and plain statement'" require more  because assumptions do not necessarily "show[ ] that the pleader is entitled to relief." Accordingly, the Court grants Defendant's Motion as to Plaintiff's fifth claim.

### B.  Plaintiff's Sixth and Seventh Claims - Violations of California Labor Code §§ 1101 and 1102

As a preliminary matter, the Court addresses Defendant's argument that §§ 1101and 1102 do not apply to public employees. In the April 20, 2011 Order, this Court held that § 1106,[4] which extends rights and privileges to public employees, modified §1105. (April 20, 2011 Order at 6-7.) Because §§ 1101 and 1102 are specifically

---

discloses a violation of state or federal statute, or a violation or noncompliance with a state or federal rule or regulation.

(c) An employer may not retaliate against an employee for refusing to participate in an activity that would result in a violation of state or federal statute, or a violation or noncompliance with a state or federal rule or regulation.

[4] Labor Code § 1106 ("§ 1106") provides: For purposes of §§ 1102.5, 1102.6, 1102.7, 1102.8, 1104, and 1105, "employee" includes, but is not limited to, any individual employed by the state or any subdivision thereof, any county, city, city and county, including any charter city or county, and any school district, community college district, municipal or public corporation, political subdivision, or the University of California.

included in § 1105, the Court concluded that § 1106 also modified §§ 1101 and 1102 to include public employees. (April 20, 2011 Order at 6-7.) Defendant, however, disagrees and relies on *Campbell v. Regents of University of California*, for the proposition that "[g]enerally [ ] provisions of the Labor Code apply only to employees in the private sector unless they are specifically made applicable to public employees." 35 Cal. 4th 311, 330 (2005). Based on its interpretation of *Campbell*, Defendant contends that neither §§ 1101 or 1102 are specifically modified by § 1106. (Mot. at 12.) Therefore, Defendant avers that those sections cannot apply to public employees because § 1106 did not expressly modify them. (Mot. at 12.)

The Court finds Defendant's argument unconvincing. In addition to the reasoning articulated in the April 20, 2011 Order, the legislative history of § 1106, as discussed in *Campbell*, demonstrates that § 1106 was designed to extend the same whistleblowing protections to public employees as enjoyed by private sector employees:

> The Senate Committee on Industrial Relations explained that while existing law prohibited employers from retaliating against employees who disclosed to governmental or law enforcement agencies information relating to violations of state or federal law, 'These provision[s] are silent as to their applicability to public employees. Generally, however, provisions of the Labor Code apply only to employees in the private sector unless they are specifically made applicable to public employees.' The report explained that the bill arose from a case in which a local building inspector complained of retaliation because he reported to the police that his supervisor had ordered him to violate the building inspection law. The district attorney declined to prosecute the supervisor, however, because the Labor Codes's anti-retaliation provisions applied to private sector employees only. The Senate Rules Committee's Third Reading Analysis reported these arguments to support the bill: It would give public employees the same right of redress against retaliation for whistle blowing as the private sector enjoys; it would encourage employees to report illegal activities without fear of retaliation; state employees' existing remedies were meaningless because they were required to prove malice; public employees had little protection because they had to file a complaint following the local agency's procedure, and the supervisor who was responsible for the retaliation often heard the first level of grievance.

*Id.* at 330-31(citations omitted). Accordingly, the Court finds that the rationale for creating § 1106 supports the Court's holding that §§ 1101 and 1102 apply to public employees. *Wade v. Rackauckas*, No. G034650, 2006 WL 1086259, at *13-15 (Cal. Ct.

App. Apr. 26, 2006) (unpublished) (holding that §§ 1101 and 1102 apply to public entities).

Next, Defendant argues that Plaintiff fails to state a claim under § 1101. Section 1101 provides that no employer shall make, adopt, or enforce any rule, regulation, or policy: (a) forbidding or preventing employees from engaging or participating in politics or from becoming candidates for public office; (b) controlling or directing, or tending to control or direct the political activities or affiliations of employees.

Here, the Court finds that Plaintiff has failed to cure the defects of his original Complaint by not alleging a "political activity." Particularly, the FAC does not allege Plaintiff's involvement in protected political conduct, or that Defendant engaged in any conduct preventing Plaintiff from, or interfering with Plaintiff's right to, participate in politics. Plaintiff, however, disagrees.

Plaintiff contends that the act of reporting racial discrimination to an outside agency constitutes political activity. (Opp'n at 5.) To support this proposition, Plaintiff points to *Gay Law Students Association v. Pacific Telephone & Telephone Company*, 24 Cal. 3d 458 (1979). That California Supreme Court opinion arose out of an action brought against a public utility by class representatives of homosexual persons who were employees or applicants for employment with the defendant, and who were adversely affected by its alleged discrimination against gay and lesbian persons. *Gay Law Students Ass'n*, 24 Cal. 3d at 465. On review, the court held the plaintiffs' complaint successfully stated several causes of action against the employer, including one that sought relief from the employer's interference with the plaintiffs' political freedom or activities in violation of §§ 1101 and 1102. *Id.*, 24 Cal. 3d at 486-89. The court reasoned that:

> A principal barrier to homosexual equality is the common feeling that homosexuality is an affliction which the homosexual worker must conceal from his employer and his fellow workers. Consequently one important aspect of the struggle for equal rights is to induce homosexual individuals to "come out of the closet," acknowledge their sexual preferences, and to associate with others in working for equal rights.

*Id.* at 488.

The court, therefore, held that the struggle of the homosexual community for equal

rights, particularly in the field of employment, must be recognized as a political activity because it connotes the espousal of a cause and promotion of acceptance thereof by other persons. *See id.* at 487-88.

The facts in *Gay Law Students Ass'n* are inapposite because the activity discussed there expressly involved homosexual activity in the workplace. In this case, the activity at issue is Plaintiff's reporting allegedly racially motivated denial of promotional opportunities. Plaintiff fails to present, nor is this Court able to find, cases that support Plaintiff's proposition that the mere act of reporting racial discrimination in the workplace, and nothing more, connotes political activity. On the other hand, Defendant argues, and the Court agrees, that the act of reporting a denial of promotion that was allegedly racially motivated cannot constitute the "espousal of a cause" as contemplated in *Gay Law Students Ass'n*. Rather, while Plaintiff's activity touches on race, acts of reporting racial discrimination to an outside agency by an employee does not fit within the spectrum of activities that have been accepted as political in nature. *See id.* at 488 (In addition to traditional partisan activity, "[t]he Supreme Court has recognized the political character of activities such as participation in litigation, the wearing of symbolic armbands, and the association with others for the advancement of beliefs and ideas.") (citations omitted). Accordingly, the Court declines to expand the province of § 1101 and the definition of "political activity" to include reporting of promotion denials that were allegedly racially motivated.

Even if Plaintiff's activity fell within the meaning of "political activity," Plaintiff fails to allege a rule, regulation, or policy forbidding Defendant's employees from participating in politics or controlling their political activities, nor does Plaintiff allege that he was coerced by threat of discharge to adopt or refrain from adopting any course of political activity. *See Brahmana v. Lembo*, No. C-09-00106 RMW, 2010 WL 965296, at *5 (N.D. Cal. Mar. 17, 2010) (requiring a rule, regulation, or policy of discrimination by a defendant employer to establish a violation under § 1101). Instead, Plaintiff alleges he was exposed to racial slurs and that he was retaliated against for reporting

Defendant's misconduct. Both allegations are insufficient to constitute a rule, regulation, or policy that affected Plaintiff's ability to engage in political activity. *See Gay Law Students Ass'n*, 24 Cal. 3d at 488 (holding that allegations can reasonably be construed as defendant having adopted a policy where "[p]laintiffs allege that [defendant] discriminates against 'manifest' homosexuals and against persons who make 'an issue of their homosexuality . . . .' "). Accordingly, the Court grants Defendant's Motion as to Plaintiff's sixth claim.

Lastly, Defendant moves to dismiss Plaintiff's seventh claim arguing that Plaintiff failed to allege facts sufficient to state a claim under § 1102.[5] (Mot. at 5.) Plaintiff alleges that his termination "[was] in violation of Labor Code Section 1102 in that such actions were done to coerce and influence [Plaintiff] and other employees of [Defendant] to follow or refrain from following the employees choice of political actions or activities." (FAC ¶ 64.) Such bare assertions, however, cannot survive a motion to dismiss. *See Ashcroft*, 129 S. Ct. at 1949 (stating that a complaint fails to state a claim when it tenders naked assertions devoid of further factual enhancement). The Court, therefore, finds that Plaintiff has failed to sufficiently state a claim pursuant to § 1102 because Plaintiff does not allege facts pertaining to coercion or influence by threat of discharge to adopt, or refrain from adopting, any course of political activity. In addition, as mentioned above, Plaintiff does not sufficiently allege a "political activity." Accordingly, the Court grants Defendant's Motion as to Plaintiff's seventh claim.

**V.    CONCLUSION**

Based on the foregoing, the Court **GRANTS** Defendant's Motion to Dismiss. Specifically, the Court grants Defendant's Motion as to Plaintiff's fifth claim with leave to amend, and Plaintiff's sixth and seventh claims without leave to amend. Accordingly, Plaintiff's sixth and seventh claims are dismissed with prejudice. Plaintiff may file a Second Amended Complaint within ten (10) days from the date of this Order, if in good

---

[5] Labor Code § 1102 states: "No employer shall coerce or influence or attempt to coerce or influence his employees through or by means of threat of discharge or loss of employment to adopt or follow or refrain from adopting or following any particular course or line of political action or political activity."

faith, he can allege facts to support his claims. Otherwise, Plaintiff's fifth claim shall be dismissed with prejudice.

IT IS SO ORDERED.

August 10, 2011

_____
HON. OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE